IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISABELLA A. PIERCE,         )
                            )
    Plaintiff,            )
                            )
  vs.                       )    Civil Action No. 10-507
                            )
LOWE'S HOME CENTERS, INC.,  )
and LOWE'S COMPANY, INC.,   )
                            )
    Defendants.           )

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Plaintiff, Isabella A. Pierce, initiated this action in the Court of Common Pleas of Washington County, Pennsylvania. (Docket No. 1-1). Defendant, Lowe's Home Centers, Inc. ("Defendant"), removed the action to this court. (Docket No. 1). Defendant, filed a Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement. (Docket No. 3). In response, Plaintiff concedes that her Complaint is "not artfully drafted" (Docket No. 7, p. 3) and agrees that her "Complaint should be amended to more fully set forth [her] viable claims." (Docket No. 6, p. 1). To that end, Plaintiff appears to seek leave of court to file an Amended Complaint pursuant to Rule 15(a).

I note that Rule 15(a) permits amendment of a pleading once, as a matter of course, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. Rule Civ. Procedure 15(a)(1)(B). This court ordered a response to the Motion to Dismiss on or before May 19, 2010, which would have been within the 21 days as dictated by Rule 15(a)(1)(B). Plaintiff, however, did not file her response seeking leave until May 23, 2010. As a result, Rule 15(a)(1)(B) does not apply in this case and Plaintiff is not permitted to file an Amended Complaint as a matter of course.

Therefore, I must turn to Rule 15(a)(2). Contrary to Plaintiff's assertion, Rule 15(a)(2)

permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. Rule Civ. Procedure 15(a)(2). It is not "a matter of right until a responsive pleading has been filed" as Plaintiff suggests. (Docket No. 7, p. 3). Nonetheless, "[t]he court should freely give leave when justice so requires." Fed. Rule Civ. Procedure 15(a)(2).

In this case, it is clear from the concession of Plaintiff, that at a minimum the Complaint should be amended to make more definite statements. Therefore, I will deny Defendant's Motion to Dismiss pursuant to Rule 12(b) without prejudice, but grant Defendant's Motion for More Definite Statement pursuant to Rule 12(e) and permit Plaintiff to file an Amended Complaint by June 4, 2010.

Additionally, Defendant seeks to have Defendant, Lowe's Company, Inc. dismissed from this action because it is a non-existent entity, it did not employ Plaintiff, and does not do business in Pennsylvania. (Docket No. 4, pp. 11-12). Defendant does not set forth any law or file any evidence in support of this argument. *Id.* Plaintiff, however, "does not agree...that both Lowe's Home Centers Inc., and Lowe's Company, Inc., are not proper Defendants before this Court. " (Docket No. 6, p. 1). Rather, she states that "each named Defendant defended the claims before the administrative agencies." *Id.* Since there has not been a legal argument developed for this assertion and no evidence has been submitted, said motion is denied, without prejudice. It is this court's hope, however, that the parties can reach an agreement as to the proper parties prior to the filing of the Amended Complaint.

THEREFORE, this 24th day of May, 2010, it is ordered that Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Docket No. 3) is granted in part and denied in part as more fully set forth above.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge