IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISABELLA A. PIERCE,                )
                                   )
    Plaintiff,                     )
                                   )
    vs.                            )    Civil Action No. 10-507
                                   )
LOWE'S HOME CENTER'S, INC.,        )
                                   )
    Defendant.                     )

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Defendant, Lowe's Home Center's, Inc., filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 17). Plaintiff, Isabella A. Pierce, filed a response thereto. (Docket No. 20). After careful consideration of the submissions of the parties, Defendant's Motion to Dismiss (Docket No. 17) is granted as more fully set forth below.

Plaintiff originally initiated this action in state court. Defendant then removed it to this court and filed a Motion to Dismiss. (Docket Nos. 1 and 3). In response thereto, Plaintiff conceded that her Complaint was "not artfully drafted" (Docket No. 7, p. 3) and agreed that her "Complaint should be amended to more fully set forth [her] viable claims." (Docket No. 6, p. 1). As a result, this court permitted Plaintiff to file an Amended Complaint. (Docket No. 8).

Plaintiff filed an Amended Complaint on June 10, 2010. (Docket No. 14). Defendant then filed a Motion to Dismiss the Amended Complaint. In its Motion, Defendant avers the following:

> 8. The Amended Complaint removes the non-existent Lowe's Company, Inc. and merely adds five additional clauses, as equally conclusory as the existing paragraphs. The Amended Complaint is otherwise verbatim of the original deficient Complaint. Accordingly, the Amended Complaint remains deficient, containing incomplete and disorderly legal theories and lacking adequate factual averments.

(Docket No. 17, ¶8). The Plaintiff admits all of the allegations in this paragraph. Nonetheless, Plaintiff files a brief in opposition that concludes in 2½ pages that Plaintiff's Amended Complaint is sufficient to set forth claims under the ADEA, ADA and Title VII.[1] Upon review of the Amended Complaint, I agree with Plaintiff's admission that the Amended Complaint is conclusory, deficient, lacking in factual averments and contains incomplete and disorderly legal theories.

I cannot even discern with certainty the statutes under which Plaintiff is seeking relief. For example, Plaintiff's Amended Complaint seems to mention in an opening paragraph the PHRA, the ADA and the ADEA (Docket No. 14, p. 1). Additionally, in paragraph 4 the Plaintiff mentions Title VII. Yet, the only cause of action within the Amended Complaint appears to be under the PHRA. *Id.* at p. 2.

Moreover, the Amended Complaint is lacking in factual averments. For example, Plaintiff mentions a person in her Amended Complaint named Bill Sizzler. The Amended Complaint does not state who Bill Sizzler is in relation to Plaintiff or how he, or anyone else, violated her rights.

When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

---

[1] I am not sure that Plaintiff is arguing that she set forth a claim under Title VII because she never identifies Title VII in her brief. (Docket No. 20, p.. 2-3). Nonetheless, I will assume that she is attempting to proceed under Title VII. Furthermore, Plaintiff does not even mention that she is proceeding under the PHRA in her brief, yet that is the only identifiable cause of action set forth in Plaintiff's Amended Complaint. (Docket No. 14, p. 2).

2

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. Aug. 18, 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing, F.R.Civ.P. 8(a)(2).

In applying this standard, I find that Plaintiff's Amended Complaint does not even provide a formulaic recitation of the elements of a cause of action, let alone provide any sort of facts surrounding the violations concluded by Plaintiff. *See,* Docket No. 14. The factual allegations provided are virtually non-existent and are completely insufficient to raise a right to relief above the speculative level for any cause of action. Simply put, to the extent the Amended Complaint is attempting to assert causes of action under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq.* ("PHRA"); the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e,

*et seq,*; and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), I find Amended Complaint has failed to set forth plausible violations on its face because I am unable to draw any reasonable inferences from the allegations that the Defendant is liable for the alleged violations. Consequently, dismissal of the Amended Complaint is warranted.

THEREFORE, this 9th day of August, 2010, after review of the Motion to Dismiss (Docket No. 17) and related documents, said Motion (Docket No. 17) is granted and the Amended Complaint is dismissed.

Plaintiff is granted leave to file a Second Amended Complaint to attempt to cure the deficiencies listed above by August 23, 2010. The failure to file a Second Amended Complaint by August 23, 2010, may result in the dismissal of this case with prejudice.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge