IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISABELLA A. PIERCE,           )
                              )
    Plaintiff,            )
                              )
    vs.                   )    Civil Action No. 10-507
                              )
LOWE'S HOME CENTERS, INC.,    )
                              )
    Defendant.            )

AMBROSE, District Judge

# MEMORANDUM ORDER OF COURT

## SYNOPSIS

Defendant, Lowe's Home Center, Inc., filed a Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 26). Plaintiff, Isabella A. Pierce, filed a response thereto. (Docket No. 29). After careful consideration of the submissions of the parties, Defendant's Motion to Dismiss (Docket No. 26) is granted in part and denied in part as more fully set forth below.

**I.    BACKGROUND**

Plaintiff originally initiated this action in state court on November 3, 2009. (Docket No. 1, ¶2). Defendant then removed it to this court and filed a Motion to Dismiss on April 28, 2010. (Docket Nos. 1 and 3). In response thereto, Plaintiff conceded that her Complaint was "not artfully drafted" (Docket No. 7, p. 3) and agreed that her "Complaint should be amended to more fully set forth [her] viable claims." (Docket No. 6, p. 1). As a result, this court permitted Plaintiff to file an Amended Complaint. (Docket No. 8).

Plaintiff filed an Amended Complaint on June 10, 2010. (Docket No. 14). Defendant then filed a Motion to Dismiss the Amended Complaint. In ruling upon the same, I agreed with Plaintiff's admission that the Amended Complaint was conclusory, deficient, lacking in factual

averments and contained incomplete and disorderly legal theories. (Docket No. 22). I held that Plaintiff's Amended Complaint did not even provide a formulaic recitation of the elements of a cause of action, let alone provide any sort of facts surrounding the violations concluded by Plaintiff. Consequently, I dismissal Plaintiff's Amended Complaint and granted Plaintiff leave to file a Second Amended Complaint. (Docket No. 22).

In an attempt to cure the deficiencies, Plaintiff filed a Second Amended Complaint on August 23, 2010. On September 2, 2010, Plaintiff sought a voluntary dismissal of Count V (Battery) of the Second Amended Complaint. (Docket No. 24). I granted the dismissal of Count V (Battery).

Again, Defendant filed a Motion to Dismiss the other four counts in the Second Amended Complaint. (Docket No. 26). The other four counts in the Second Amended Complaint are: Count I – violation of the Pennsylvania Human Relations Act, 43 Pa. Con. Stat. §§951, e*t seq.* ("PHRA"); Count II – violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII"); Count III – violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq.* ("ADA"); and Count IV – violation of the Age Discrimination in Employment Act, 29 U.S.C. §§621, *et seq.* ("ADEA"). (Docket No. 23). Plaintiff also makes fleeting references to retaliation under the PHRA and the ADA, but does not state a separate count for retaliation. *See,* Second Amended Complaint, ¶¶7, 29.

## II. LEGAL DISCUSSION

### A. Legal Standard

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.** Factual allegations must be enough to raise a right to relief above the speculative level,

2

on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted)(emphasis added); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing, F.R.Civ.P. 8(a)(2).

**B.     Gender Discrimination – PHRA (Count I) and Title VII (Count II)**

Defendant asserts that Plaintiff's Second Amended Complaint fails to provide sufficient factual support for her gender discrimination claim. (Docket No. 27, pp. 12-14). After a review of the Second Amended Complaint, I find at this stage that Plaintiff has alleged the very bare minimum to assert a plausible cause of action for gender discrimination under *Twombly*. *See,*

Docket No. 27, Count I and II.  Consequently, dismissal of Plaintiff's gender discrimination claims is not warranted at this time.

### C. Age Discrimination – PHRA (Count I) and ADEA (Count IV)

Plaintiff claims she is in a protected class, 53 years old, and was discriminated against because of her age.  (Docket No. 23, ¶3).  As such, she brings an age discrimination claim under the PHRA and the ADA.  Defendant asserts that Plaintiff's disparate treatment age discrimination claims should be dismissed because she does not allege that she is qualified for the position or that sufficiently younger individuals were treated more favorably or replaced her. (Docket No. 27, pp. 7-8).  Additionally, Defendant asserts that Plaintiff fails to allege that her age was the determinative factor for her constructive discharge.  *Id.* at p. 8.  While I agree with Defendant that those are elements that Plaintiff must prove, after a review of the Second Amended Complaint, I find at this stage it is plausible that the younger individuals discussed by Plaintiff are "substantially younger," though she does not state their ages or provide their names for context.  Thus, under *Twombly,* I find that Plaintiff has just barely nudged her claim of disparate treatment age discrimination across the line from conceivable to plausible. Consequently, dismissal of Plaintiff's disparate treatment age discrimination claims is not warranted at this time.

With regard to Plaintiff's hostile work environment age discrimination claim, Defendant asserts that Plaintiff does not set forth facts to support: 1) that the wrongful conduct was pervasive and regular, or 2) that the discriminatory conduct would have been suffered by other employees of the same age.   After a review of the Second Amended Complaint, I find at this stage Plaintiff has alleged the minimum to assert a plausible cause of action for a hostile work environment age discrimination claim under *Twombly*.  See, Docket No. 27, Count I and IV, ¶¶11(d)(e)(g)(m) and 35-40.  Consequently, dismissal of Plaintiff's hostile work environment age discrimination claims is not warranted at this time.

D.     **Disability Discrimination – PHRA (Count I) and ADA (Count III)**

Defendant moves to dismiss Plaintiff's disability discrimination claim.  (Docket No. 27, pp. 9-12).  Plaintiff describes her disability as "severe low back pain."  (Docket No. 23, ¶11(o)).  After reviewing Plaintiff's Second Amended Complaint, I find that Plaintiff's allegations nudge "across the line from conceivable to plausible."  *See, Twombly,* 55 U.S. 544, 556.  Consequently, dismissal of Plaintiff's disability discrimination claims is not warranted at this stage.

E.     **Retaliation**

Defendant asserts that Plaintiff's claims for retaliation should be dismissed as well.  (Docket No. 27).  Defendant reads Plaintiff's Second Amended Complaint to assert claims for retaliation under Title VII, the PHRA and the ADEA since the Second Amended Complaint mentions the word retaliation.  (Docket No. 27, pp. 9, 13-14).  Retaliation is a separate cause of action.  The Second Amended Complaint, however, does not set forth a separate cause of action for retaliation under any of the statutes.  *See,* Second Amended Complaint (Docket No. 23).  Additionally, in response to the Motion to Dismiss, Plaintiff does not address Defendant's argument regarding potential retaliation claims.  Thus, based on my reading of the Second Amended Complaint, Plaintiff's opportunities to amend the complaint, and Plaintiff failure to respond to the retaliation argument, I find that Plaintiff is not pursuing any retaliation claims.  Consequently, I find there are no retaliation claims to dismiss.  Therefore, Defendant's Motion to Dismiss Plaintiff's retaliation claims is denied as moot since I find that Plaintiff is not pursuing retaliation claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISABELLA A. PIERCE,                )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )    Civil Action No. 10-507
                                   )
LOWE'S HOME CENTERS, INC.,         )
                                   )
    Defendant.                     )

AMBROSE, Senior District Judge

# ORDER OF COURT

And now, this 13th day of December, 2010, it is order that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 26) is granted in part and denied in part as follows:

    1.    Defendant's Motion to Dismiss Plaintiff's retaliation claims is denied as moot since I find that Plaintiff is not pursuing retaliation claims.

    2.    Defendant's Motion is denied in all other respects.

A case management conference is set for January 19, 2011, at 12:30 p.m.

                            BY THE COURT:

                            s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge